GILLESPIE, Chief Justice:
Imelda Solomon sued Mississippi Coast Motels, Inc. in the Chancery Court of Scott County. She averred that she was issued three shares of stock in Mississippi Coast Motels, Inc. (Corporation), which she endorsed in blank and which certificate was later assigned to the Corporation. She prayed for a decree requiring the Corporation to issue a sufficient number of shares of stock in the Corporation so that she would own ten percent thereof, which was the proportion of outstanding stock that her three shares represented at the time she endorsed it in blank.
The only witness heard by the trial court was Fred L. Gaddis, by whose testimony it was shown that he received the three shares of stock originally issued to Imelda Solomon and the said three shares were reissued to Fred L. Gaddis. Upon completion of the examination of Fred L. Gaddis and without the complainant resting her case, the Corporation moved to dismiss the bill of complaint for the reason that the testimony of Gaddis reflected that the stock originally issued to Imelda Solomon was endorsed to Fred L. Gaddis in his individual capacity and that said stock was reissued to him in his individual capacity. Thereupon the Corporation’s attorney, who also represented Gaddis, moved that Fred L. Gaddis, in his individual capacity, be joined as a party defendant, and stated that such joinder was necessary that justice be done and all equities be determined in one proceeding. The court sustained the motion to the extent that it dismissed the suit at the cost of complainant.
The record does not show that Imelda Solomon’s attorney declined to amend the bill. But to the contrary, Imelda Solomon filed a motion to amend the decree dismissing the cause to delete therefrom a statement that she had not requested leave to amend the bill or to join Fred L. Gaddis as a party. The court declined to amend the decree dismissing the bill and Imelda Solomon appealed. The court erred in dismissing the bill of complaint. It should have allowed Gaddis to become a party as Gaddis requested. A bill will not be dismissed on account of the absence of a necessary party, but complainant must be given leave to amend so as to bring in the party. Griffith, Mississippi Chancery Practice § 149 (1950). It is apparent that Fred L. Gaddis and the Corporation are both necessary parties to this action. This is not a case where the complainant sued the wrong party, but one where an indispensable party was not sued. This developed during the trial and the court should have granted leave to amend the bill to bring in the necessary party.
Reversed and remanded.
RODGERS, P. J., and JONES, INZER and ROBERTSON, JJ., concur.